Case 4:23-cv-01912   Document 28   Filed on 05/15/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
May 15, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERTO NUNEZ DORANTES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-23-1912 |
| | § | |
| COSTCO WHOLESALE CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

In this action, Alberto Nunez Dorantes ("Plaintiff") alleges that Costco Wholesale Corporation ("Defendant") negligently failed to detect and clean up a spill in its food court, causing Plaintiff to slip and fall.[1] Pending before the court is Defendant Costco Wholesale Corporation's Rule 56 Motion for Summary Judgment ("Defendant's MSJ") (Docket Entry No. 23). Defendant argues that Plaintiff's claims fail because there is no evidence that Defendant's employees were aware or reasonably should have been aware of the spill. For the reasons stated below, Defendant's MSJ will be granted.

---

[1]Plaintiff's First Supplemental Petition ("Petition"), Exhibit A to Notice of Removal, Docket Entry No. 1-1, pp. 17-18. All page numbers refer to the pagination printed at the top of the page by the court's Electronic Case Filing system.

## I. **Background**

On March 21, 2023, Plaintiff filed this action against Defendant in the 127th District Court of Harris County, Texas.[2] Plaintiff's Petition alleges:

> On or about August 5, 2022, Plaintiff was a patron at Defendant's store. [] <u>Plaintiff was getting food at [Defendant's] food court when he slipped on liquid that was on the floor.</u> The injuries suffered by Plaintiff occurred as a direct and proximate result of Defendant's negligence. Plaintiff suffered and continues to suffer personal injuries, incur medical expenses and property damage.[3]

The Petition alleges claims for negligence, premises liability, and gross negligence.[4] On May 24, 2023, Defendant removed the action to this court based on diversity jurisdiction.[5]

On March 31, 2025, Defendant filed its MSJ.[6] On April 21, 2025, Plaintiff filed his Response to Defendant Costco Wholesale Corporation's Rule 56 Motion for Summary Judgment ("Plaintiff's Response").[7] Defendant filed a reply, Plaintiff filed a surreply, and Defendant filed a surresponse.[8]

---

[2]Plaintiff's Original Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 2; Notice of Removal, Docket Entry No. 1, p. 4 ¶ 15.

[3]Petition, Exhibit A to Notice of Removal, Docket Entry No. 1-1, p. 17 ¶ 8 (emphasis added).

[4]Id. at 17-18 ¶ 10.

[5]Notice of Removal, Docket Entry No. 1, pp. 2-3 ¶¶ 5-8.

[6]Defendant's MSJ, Docket Entry No. 23.

[7]Plaintiff's Response, Docket Entry No. 24.

[8]Costco Wholesale Corporation's Reply to Plaintiff's Response to Defendant's Rule 56 Motion for Summary Judgment ("Defendant's
(continued...)

Defendant argues that Plaintiff's negligence claim fails, citing Texas authority that premises-liability law applies instead of negligence when the property's condition allegedly caused the plaintiff's injury.[9] Plaintiff responds that he has abandoned his negligence claim and relies instead on his premises-liability claim.[10]

Defendant argues that Plaintiff's premises-liability claim fails because there is no evidence that its employees had actual or constructive knowledge of the spill.[11] In particular, Defendant argues that, under Texas law, constructive knowledge requires some evidence of how long the spill existed and that Plaintiff has cited none.[12] Plaintiff responds that Defendant did not inspect the area for hours before the incident and that the spill was conspicuous and in close proximity to employees.[13]

Defendant argues that Plaintiff's gross negligence claim fails in the absence of a valid negligence or premises-liability claim

---

[8](...continued)
Reply"), Docket Entry No. 25; Plaintiff's Surreply to Defendant Costco Wholesale Corporation's Reply to Plaintiff's Response to Defendant's Rule 56 Motion for Summary Judgment, Docket Entry No. 26 ("Plaintiff's Surreply"); Defendant Costco Wholesale Corporation's Surresponse to Plaintiff's Surreply ("Defendant's Surresponse"), Docket Entry No. 27.

[9]Defendant's MSJ, Docket Entry No. 23, p. 3 ¶ B.5.

[10]Plaintiff's Response, Docket Entry No. 24, p. 3 ¶ A.4.

[11]Defendant's MSJ, Docket Entry No. 23, pp. 4-6 ¶¶ C.8-10.

[12]Defendant's Reply, Docket Entry No. 25, pp. 3-4.

[13]Plaintiff's Response, Docket Entry No. 24, p. 4 ¶ 8, p. 5 ¶ 9.

and because there is no evidence that Defendant's employees had actual, subjective awareness of the spill.[14]  Plaintiff responds that a jury could conclude that a failure to inspect the food court area involved an extreme risk given the likelihood of spills and that Defendant was aware of the risk of spills.[15]  But Plaintiff appears to acknowledge that his gross negligence claim depends on the validity of his premises liability claim.[16]

## II. Texas Premises Liability

A grocery store patron is an invitee under Texas law. <u>Corbin v. Safeway Stores, Inc.</u>, 648 S.W.2d 292, 296 (Tex. 1983). To recover on a premises liability claim, an invitee must show:

(1) <u>Actual or constructive knowledge</u> of a condition on the premises by the owner or occupier;

(2) That the condition posed an unreasonable risk of harm;

(3) That the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and

(4) That the owner or occupier's failure to use such care proximately caused the plaintiff's injury.

<u>CMH Homes, Inc. v. Daenen</u>, 15 S.W.3d 97, 99 (Tex. 2000) (emphasis added). "Actual knowledge is what a person actually knows as

---

[14] Defendant's MSJ, Docket Entry No. 23, pp. 6-8 ¶¶ D.11. through E.14.

[15] Plaintiff's Response, Docket Entry No. 24, p. 6 ¶ 13.

[16] <u>Id.</u> ("Thus, if premises liability proceeds, the gross negligence claim also presents a fact issue.").

distinguished from constructive or imputed knowledge; that is, what a person after a reasonable inspection ought to know or have reason to know." Hall v. Sonic Drive-In of Angleton, Inc., 177 S.W.3d 636, 645 (Tex. App.—Houston [1st Dist.] 2005). To establish constructive knowledge, a plaintiff must show that the "dangerous condition existed for some length of time," Wal-Mart Stores, Inc. v. Reece, 81 S.W.3d 812, 815 (Tex. 2002), and that it was a "sufficient length of time that a reasonable owner/operator would have discovered the condition." Richardson v. Wal-Mart Stores, Inc., 963 S.W.2d 162, 165 (Tex. App.—Texarkana 1998). "Without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." Reece, 81 S.W.3d at 816.

"[E]vidence [of proximity to employees] will often be relevant" in determining "[w]hat constitutes a reasonable time for a premises owner to discover a dangerous condition[.]" Id. The conspicuity of a hazard can shorten the time necessary to establish constructive notice. See id. But proximity and conspicuity evidence merely change the length of time necessary for constructive knowledge; the plaintiff must still present "some proof of how long the hazard was there[.]" Id.

### III. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the

-5-

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact is or is not genuinely disputed must support the assertion by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[T]he burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2554 (1986). Then "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc., 738 F.3d 703, 706 (5th Cir. 2013). Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's [claim]." Celotex, 106 S. Ct. at 2252.

## IV. Analysis

### A. Plaintiff's Ordinary Negligence Claim

Plaintiff abandons his ordinary negligence claim and does not offer any evidence to support it. Defendant's MSJ will therefore be granted as to Plaintiff's negligence claim.

### B. Plaintiff's Premises Liability Claim

The parties dispute whether Plaintiff's evidence raises a fact issue as to constructive knowledge. Plaintiff argues that three facts weigh in favor of a constructive knowledge finding: (1) the

spill was in a high-traffic area (the food court condiment area), which suggests it was in close proximity to employees,[17] (2) the Costco incident report filled out by Plaintiff stated that the spill was a condiment, which would be conspicuous,[18] and (3) Defendant's floor inspection log indicates that the day's last floor inspection ended at 10:58 a.m.,[19] which suggests that the spill "could have existed for hours before Plaintiff's afternoon fall."[20]

Plaintiff's proximity and conspicuity evidence is relevant but cannot support a finding of constructive notice without some temporal evidence. Reece, 81 S.W.3d at 816. The existence of a fact issue concerning constructive knowledge therefore depends on the validity of Plaintiff's temporal evidence.

---

[17]See Videotaped Deposition of Alberto Nunez Dorantes ("Plaintiff's Depo."), Exhibit C to Plaintiff's Response, Docket Entry No. 24-3, p. 4 lines 24-25, p. 5 line 1.

[18]Costco Wholesale Corp. Member First Report of Incident to Be Filled Out by Member Only, Exhibit A to Plaintiff's Response, Docket Entry No. 24-1, p. 2.

[19]Daily Floor-walk/Safety Inspection, Exhibit B to Plaintiff's Response, Docket Entry No. 24-2, p. 2 (stating that the floor was not inspected after 10:58 a.m.).

[20]Plaintiff's Response, Docket Entry No. 24, p. 5; Plaintiff's Depo., Exhibit C to Plaintiff's Response, Docket Entry No. 24-3, p. 4 lines 17-19 (stating that the incident was in the afternoon). Although the court assumes for purposes of this opinion that Plaintiff is correct that his fall occurred in the afternoon, the court notes that his answer is inconsistent with his interrogatory response stating that his fall occurred around 10:55 a.m. See Plaintiff's Responses to Defendant's Interrogatories to Plaintiff, Exhibit A to Defendant's Reply, Docket Entry No. 25-1, p. 4 (Answer to Interrogatory No. 2).

Under Texas law, evidence that a defendant did not inspect its premises for an extended period before a plaintiff's injury does not support constructive knowledge because it is equally plausible that the hazard arose immediately before or long before the injury. See Bendigo v. City Of Houston, 178 S.W.3d 112, 115 (Tex. App. —Houston [1st Dist.] 2005). In Bendigo the plaintiff slipped and fell on a disposable cup in a stairwell and brought a premises liability claim against the company that maintained the stairwell. Id. at 113. The defendant moved for summary judgment on constructive knowledge, and the plaintiff presented evidence that the defendant had not inspected the stairwell for over 10 hours before she fell. Id. at 115. On appeal, the court held that this evidence did not create a fact issue, reasoning:

> Mere evidence that [the defendant] had not cleaned the stairs for approximately ten hours before [the plaintiff]'s fall is not evidence of the time that a passerby actually discarded the cup in the stairwell. [The plaintiff]'s speculation — that the cup "could have been there" for ten to twelve hours — is not more probable than a number of other scenarios, including that the cup was dropped minutes before [the plaintiff] fell.

Id.

Although the parties dispute whether the food court was inspected for several hours before Plaintiff's injury, the court assumes without deciding that Plaintiff is correct.[21] But as in Bendigo, it is equally plausible that the spill occurred hours before or seconds before Plaintiff's fall. Defendant's lack of inspection "is not evidence of the time that a [customer] actually"

---

[21]Defendant's Reply, Docket Entry No. 25, p. 2 ¶ A.1; Plaintiff's Surreply, Docket Entry No. 26, pp. 4-5 ¶ 5.

created the spill. <u>Bendigo,</u> 178 S.W.3d at 115. Plaintiff therefore has not cited evidence raising a fact issue as to constructive knowledge, and Defendant's MSJ will be granted as to Plaintiff's premises liability claim.

### C.  Plaintiff's Gross Negligence Claim

To prevail on his gross negligence claim, Plaintiff must show, inter alia, that Defendant's employees had "actual, subjective awareness" of the spill. <u>See Mobil Oil Corp. v. Ellender,</u> 968 S.W.2d 917, 921 (Tex. 1998). Because Plaintiff has presented no such evidence, Defendant's MSJ will be granted as to Plaintiff's gross negligence claim.

### V.  Conclusion and Order

Plaintiff abandons his ordinary negligence claim. Because Plaintiff has cited no evidence regarding how long the spill existed prior to his injury, his premises liability claim fails as a matter of law. Because Plaintiff has cited no evidence that Defendant had actual, subjective knowledge of the spill prior to Plaintiff's injury, his gross negligence claim fails as a matter of law. Defendant Costco Wholesale Corporation's Rule 56 Motion for Summary Judgment (Docket Entry No. 23) is therefore **GRANTED**, and the court will enter a take-nothing judgment.

**SIGNED** at Houston, Texas, on this the 15th day of May, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE